**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00225-MR**

| | |
|---|---|
| **GLOBAL LOCATING SYSTEMS, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **O R D E R** |
| ) | |
| **SHADOWTRACK 247, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Leave to File Second Amended Complaint [Doc. 23] and the Defendant's Motion for Judgment on the Pleadings [Doc. 20].

## I.    BACKGROUND

On July 19, 2019, the Plaintiff Global Locating Systems, LLC, (the "Plaintiff") filed a Complaint (the "Original Complaint") against the Defendant ShadowTrack 247, LLC (the "Defendant"), asserting a claim of infringement of U.S. Patent No. 10,165,052 ("the '052 Patent") by the Defendant's ST-Solo Tracking Device (the "ST-Solo").  [Doc. 1].  On the same date, the Plaintiff filed an amended Complaint (the "First Amended Complaint") correcting typographical errors in the Original Complaint.  [Doc. 5].

On September 4, 2019, the Defendant filed an Answer to the Amended Complaint. [Doc. 9]. On February 6, 2020, the Defendant filed a Motion for Judgment on the Pleadings under Rule 12(c). [Doc. 20].

On February 20, 2020, the Plaintiff filed this Motion for Leave to File Second Amended Complaint ("Motion to Amend"). [Doc. 23]. In that Motion, the Plaintiff seeks to add three new infringement claims by the ST-Solo and adds allegations against the MPT 500 4G GPS Asset Tracker (the "MPT500"), which it claims is being marketed by the Defendant's wholly controlled subsidiary. [Doc. 23 at 1].[1]

On April 7, 2020, the Defendant filed a response opposing the Plaintiff's Motion for Leave to File Second Amended Complaint. [Doc. 35]. The Plaintiff replied on April 16, 2020. [Doc. 37].

## II.   STANDARD OF REVIEW

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of right within 21 days of serving it, within 21 days after service of a responsive pleading or within 21 days after service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). In all other circumstances, "a party may amend its pleading only

_____

[1] On the same date, the Plaintiff responded to the Defendant's Motion for Judgment on the Pleadings. [Doc. 25]. On February 27, 2020, the Defendant replied. [Doc. 27].

2

with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further provides that leave to amend shall be freely given "when justice so requires." Id. Therefore, absent a showing of bad faith, futility, or prejudice to the opposing party, a Court should grant a party leave to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962). For a proposed amendment to be futile, it must be "clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986).

## III. DISCUSSION

The Plaintiff seeks to amend its First Amended Complaint to add three additional infringement claims against the ST-Solo and new allegations against the MPT500. [Doc. 23 at 1]. According to the Plaintiff, this amendment became necessary after it discovered that the ST-Solo's outer layer of bubble wrap actually functions as "a part of the product as it is intended to be used by customers[,]" and that the MTP500 was being marketed by one of the Defendant's subsidiaries. [Doc. 24 at 2-3]. According to the Plaintiff, it was unaware of the bubble wrap's function until February 3, 2020. [Doc. 37 at 7]. The Plaintiff further claims that it did not know that the Defendant's subsidiary was responsible for the MPT500 until February 6, 2020 because the Plaintiff was "misled into believing there were

3

no products other than the ST-Solo that infringed the patent in suit." [Doc. 24 at 5; Doc. 37 at 8]. Notably, the Plaintiff highlights that it "advised past and present [defense] counsel that it was investigating filing a further amended complaint" before the Defendant filed its Motion for Judgment on the Pleadings on February 6, 2020. [Doc. 24 at 3; see also Doc. 21 at 6 n.1].

The Defendant counters that the Plaintiff's amendment is untimely, prejudicial to the Defendant, and futile. [Doc. 35 at 1]. As such, the Defendant asserts that the Plaintiff's Motion to Amend should be denied. [Id.].

## A.    Timeliness of the Motion to Amend[2]

The Defendant first argues that the Plaintiff's Motion to Amend is untimely. The Fourth Circuit has found that "[d]elay alone is an insufficient reason to deny leave to amend." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (citing Johnson, 785 F.2d at 509). "Rather, the delay must be accompanied by prejudice, bad faith, or futility." Id. Because the Defendant does not argue that the Plaintiff's Motion to Amend was made in

---

[2] The Fourth Circuit has held that once a scheduling order has been entered, a party must demonstrate "good cause" under Rule 16(b)(4) to modify the scheduling order deadlines in addition to satisfying the Rule 15(a)(2) standard for amendment. Cook v. Howard, 484 F. App'x 805, 814-15 (4th Cir. 2012) (citations omitted). The Court finds that there is good cause for the Plaintiff's Motion to Amend because the Plaintiff recently discovered facts regarding the alleged infringement by the ST-Solo and the marketing of the MPT500 by the Defendant's subsidiary. [Doc. 37 at 7-8].

4

bad faith,[3] the Court turns to whether the Plaintiff's Motion to Amend is prejudicial to the Defendant or futile.

### B.    Prejudice to the Defendant from the Motion to Amend

The Defendant next argues that allowing the proposed amendments would be prejudicial because it would force the Defendant "to update its prior art search, extensive invalidity contentions, and non-infringement contentions, all in a piecemeal (*i.e.*, more expensive) fashion to address the additional patent claims, and . . . update its Answer pleading to address the allegations in the Second Amended Complaint." [Doc. 35 at 12]. While the Court is cognizant of the burdens that the Defendant will face in responding to the Plaintiff's Second Amended Complaint, those burdens are faced by every other party who opposes a motion to amend. Denying motions to amend because of such burdens would subvert the "liberal amendment policy" imposed by Rule 15(a)(2) by allowing the exception to swallow the rule. Cook v. Howard, 484 F. App'x 805, 814 (4th Cir. 2012).

Moreover, any prejudice to the Defendant is diminished by the fact that the Defendant has known that the Plaintiff might amend its Complaint to add

---

[3] While the Defendant asserts the Plaintiff could have discovered the facts necessitating the Motion to Amend by conducting a more diligent investigation, the Defendant does not argue that the Plaintiff acted in bad faith. [Doc. 35 at 9]. Even if the Defendant is correct that the Plaintiff could have filed its Motion to Amend sooner, that contention is insufficient to show that the Plaintiff acted in bad faith. See Edwards, 178 F.3d at 242.

new allegations against the MPT500 for several months.  [Doc. 21 at 6 n.1; see also Doc. 37-5 at ¶¶ 9-11].  Any prejudice to the Defendant is further diminished by the fact that the Defendant has already conducted prior art searching and drafted non-infringement contentions related to the ST-Solo, which can be updated to address the Plaintiff's new claims against that product.  Moreover, the relatively short time between the Plaintiff's discovery of the facts necessitating the amendment and the filing of the amendment also shows the lack of prejudice to the Defendant.  The Plaintiff asserts that it did not know about the bubble wrap's function until February 3, 2020 and that it did not know that the Defendant was responsible for the MPT500 until February 6, 2020.  [Doc. 37 at 7-8].  The Plaintiff filed the present Motion to Amend on February 20, 2020.  [Doc. 23].

The Defendant further asserts that it is prejudiced by the Plaintiff "seeking to provide amended infringement contentions under the pretense of an amended complaint that make no attempt to comply with either [Local Patent Rules] 3.1(C) or 3.6(B)."  [Doc. 35 at 10].  The Local Patent Rules ("L.P.R.") allow the Court to grant leave for a party to amend its infringement contentions "in a timely fashion, for good cause, and without purpose of delay or undue prejudice to another party."  L.P.R. 3.6(B).  The Local Patent Rules state that good cause exists if there is "information newly discovered or

confirmed through due diligence, regarding an accused product or prior art[.]" Id.  The Local Patent Rules also counsel that amendments to infringement contentions can be filed after the party has filed "amendments to the complaint."  Id.  The Court having found that there is good cause for the Plaintiff's Motion to Amend, there is no need for the Plaintiff to file a new motion requesting leave to amend its infringement contentions, and the Defendant is not prejudiced by the Plaintiff's failure to do so.[4]  Accordingly, the Plaintiff's Motion to Amend does not prejudice the Defendant under Rule 15(a)(2).

**C.    Futility of the Motion to Amend**

Finally, the Defendant argues that the Plaintiff's proposed amendments are futile.  [Doc. 35 at 13-14].  In its brief opposing the Plaintiff's Motion to Amend, the Defendant cites to its Motion for Judgment on the Pleadings, indicating that the Plaintiff's proposed amendments are futile for the reasons cited therein.  [Doc. 35 at 13].  The Defendant also specifically argues that the Plaintiff's new allegations regarding the bubble wrap surrounding the ST-Solo are erroneous because the bubble wrap does not serve as part of the housing of the device and that the Plaintiff makes

---

[4] The Court will grant the Plaintiff leave to amend its infringement contentions under Local Patent Rules 3.1(C) and 3.6(B).

7

unsupported allegations based solely on attorney argument about the Defendant's subsidiary allegedly marketing the SPT500.  [Id.].

Courts can deny a motion to amend as futile if the amended complaint still would not survive a motion to dismiss.  See Frank M. McDermott, Ltd. v. Moretz, 898 F.2d 418, 420-21 (4th Cir. 1990) ("There is no error in disallowing an amendment when the claim sought to be pleaded by amendment plainly would be subject to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)).".  The review for futility, however, "is not equivalent to an evaluation of the underlying merits of the case. To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC, CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (quoting Davis v. Piper Aircraft Corp., 615 F.2d, 606, 613 (4th Cir. 1980)).  As such, "[i]t is often a better exercise of the court's discretion . . .  and a conservation of judicial resources, to leave decisions on the merits with respect to motions to amend until the matter has been fully briefed in a motion to dismiss.  DirecTV, Inc. v. Benson, 333 F. Supp. 2d 440, 444 (M.D.N.C. 2004) (citation omitted).  That is particularly true when the Plaintiff seeks "to amend [its] allegations in view of

Defendants' Motion[] to Dismiss." Orr v. U.S. EPA, No. 1:19 CV 226, 2020 WL 223920, at *2 (W.D.N.C. Jan. 14, 2020).

The Plaintiff's proposed amendments do not appear to be "clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510. As such, they do not appear to be futile under Rule 15(a)(2). While the Plaintiff's proposed amendments do not appear to be futile, the Court does not express any judgment as to whether the Plaintiff's Second Amended Complaint could survive a renewed Motion for Judgment on the Pleadings. Because the Defendant's Motion for Judgment on the Pleadings was directed at the allegations contained in the Plaintiff's First Amended Complaint, it does not address the claims against the ST-Solo and the MPT500 that are raised in the Plaintiff's Second Amended Complaint. As such, the Court will reserve ruling on the issues raised in the Defendant's Motion for Judgment on the Pleadings until the parties fully address the allegations of the Plaintiff's Second Amended Complaint. See Orr, 2020 WL 223920, at *2.

## IV.   CONCLUSION

For all these reasons, the Court concludes that the Plaintiff's proposed amendments are not made in bad faith, would not result in prejudice the Defendants, and are not futile. Accordingly, the Court will grant the Plaintiff's Motion to Amend.

Because the Plaintiff's Motion to Amend is being granted, the Defendant's Motion for Judgment on the Pleadings is moot and therefore will be denied without prejudice. Lujan v. Chowan Univ., No. 2:17-CV-57-FL, 2018 WL 3763121, at *3 (E.D.N.C. Aug. 8, 2018) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation omitted). The Defendant will have the opportunity to review the allegations contained in the Second Amended Complaint and file a renewed Motion for Judgment on the Pleadings based on those new allegations.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Leave to File Second Amended Complaint [Doc. 23] is **GRANTED**. The Plaintiff is directed to file its Second Amended Complaint within seven (7) days of the entry of this Order. The Plaintiff is further directed to file its Amended Infringement Contentions within seven (7) days of the entry of this Order.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Judgment on the Pleadings [Doc. 20] is **DENIED as Moot WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: May 1, 2020

Martin Reidinger
United States District Judge

10