IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00225-MR

GLOBAL LOCATING SYSTEMS, LLC,    )
                                  )
            Plaintiff,            )
                                  )
    vs.                           )            O R D E R
                                  )
SHADOWTRACK 247, LLC,             )
                                  )
            Defendant.            )
_____ )

**THIS MATTER** is before the Court on the Defendant's Motion to Compel [Doc. 43].

## I.    BACKGROUND

This is a patent infringement action brought by Global Locating Systems, LLC (the "Plaintiff") against ShadowTrack 247, LLC (the "Defendant"). [Doc. 39 at ¶¶ 1-2].

The Plaintiff is the current owner of U.S. Patent No. 10,165,052 ("the '052 Patent"). [Id. at ¶ 6]. The '052 Patent is directed to a tracking device and claims to solve "problems with prior art tracking devices such as being set off only by movement, not indicating when cargo being tracked diverges from its intended route or path, using too much power and thus being impractical for extended use[.]" [Id. at ¶ 7]. The Plaintiff asserts that the '052

Patent is being infringed by the Defendant's ST-Solo Tracking Device and MPT 500 4G GPS Asset Tracker. [Doc. 39].

On February 21, 2020, the Defendant served the Plaintiff with a First Set of Interrogatories. [Doc. 44-2]. That set included Interrogatory No. 5, which asked the Plaintiff to "[d]escribe in complete detail the factual and legal basis and supporting evidence for [y]our contentions that each asserted claim of the Asserted Patent is not invalid, ineligible, and unenforceable." [Doc. 44 at 6; Doc 44-2 at 5]. Thereafter, on March 2, 2020, the Defendant first served its invalidity contentions on the Plaintiff. [Doc. 35-2 at 40].

On April 22, 2020, the Plaintiff provided its initial Objections and Responses, including a response to Interrogatory No. 5 stating that "the reasons why the asserted claims are valid, eligible for protection, and enforceable are set out on the fact of the patent in suit, in the law providing that patent with a presumption of validity, and in the file histories . . ." [Doc. 44-3 at 13]. The Plaintiff also objected that Interrogatory No. 5 was overbroad, not proportional, and premature. [Id. at 13-14].

On May 22, 2020, the Plaintiff substantively updated its response to Interrogatory No. 5, stating that it "is not required to invent arguments for invalidity, ineligibility, or unenforceability of the patent in suit[;]" that "[t]he patent claims were properly examined and the examiner correctly

2

Case 1:19-cv-00225-MR   Document 54   Filed 06/23/20   Page 2 of 6

determined that no prior art of record anticipated the allowed claims or rendered them obvious, a conclusion supported by the file history of record[;]" "[t]he patent claims are entitled to a presumption of validity under 35 U.S.C. § 282[;]" and "[n]o prior art, pertinent to the property interpreted claims, has been found by Plaintiff or provided by Defendant that is sufficient to overcome the presumption of validity" because "none of the prior art provided by Defendant anticipates or renders obvious the properly interpreted claims of the patent[.]"  [Doc. 44-4 at 3-5].

On May 29, 2020, the Defendant filed the present Motion to Compel. [Doc. 43].  In that Motion, the Defendant moves the Court to compel the Plaintiff to provide substantive responses to Interrogatory No. 5.  [Id. at 1]. Specifically, the Defendant wants the Plaintiff to "analyze the prior art in [the Defendant's] P.R. 3.3 invalidity contentions that has been applied against each of the asserted claims of the '052 Patent[,]" and "explain which element(s) of each asserted claim [the Plaintiff] contends are missing from such prior art."  [Doc. 44 at 10].

## II. STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

3

> claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The decision to grant or deny a motion to compel is generally an issue within the broad discretion of the trial court. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

## III. DISCUSSION

"Courts generally disfavor contention interrogatories before substantial discovery has taken place." Impact Engine, Inc., v. Google LLC, No. 19-CV-01301-CAB-BGS, 2020 WL 2745230, at *4 (S.D. Cal. May 26, 2020) (citation omitted). As such, "[t]he Court has discretion in ordering a party not to answer a contention interrogatory until designated discovery is complete or at some other time." Id. (citation and quotations omitted); see also Capacchione v. Charlotte-Mecklenburg Sch., 182 F.R.D. 486, 489 (W.D.N.C. 1998) (stating that "[d]ue to the nature of contention

4

interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted—typically, at the end of the discovery period"); SFA Systems, LLC v. Amazon.com, Inc. et al., No. 6:11-CV-52, Docket No. 400 at 2–3 (E.D. Tex. Apr. 11, 2013) (denying a motion to compel validity contentions without prejudice to re-raising the motion after expert reports had been disclosed). The parties have not yet exchanged expert reports or engaged in significant discovery in this case, making the Defendant's present motion premature at this time.

Moreover, the parties are in the middle of claim construction, which other courts have recognized as "the first step in the infringement analysis" that "has the potential of narrowing the issues and claims involved in this case." SnapRays, LLC v. Ontel Prod. Corp., No. 2:16-CV-01198-CW-PMW, 2017 WL 8751825, at *1 (D. Utah Sept. 14, 2017). The Local Patent Rules ("L.P.R.") allow the parties to amend their infringement and invalidity contentions after the Court issues its claim construction order. See L.P.R. 3.6. As such, the contentions underlying Interrogatory No. 5 may change following claim construction, further indicating that the Defendant's Motion to Compel is untimely at this stage.

Accordingly, the Defendant's Motion to Compel will be denied as premature, subject to renewal following the entry of this Court's claim construction order and the completion of further discovery.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Compel [Doc. 43] is **DENIED WITHOUT PREJUDICE** subject to renewal as described herein.

**IT IS SO ORDERED.**

Signed: June 23, 2020

Martin Reidinger
Chief United States District Judge