IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00225-MR

GLOBAL LOCATING SYSTEMS, LLC, )
)
                **Plaintiff,**    )
)
vs.                             )        **O R D E R**
)
SHADOWTRACK 247, LLC,     )
)
                **Defendant.**   )
_____ )

**THIS MATTER** is before the Court on the Defendant's Renewed Motion to Dismiss for Failure to State a Claim [Doc. 40].

**I.    BACKGROUND**

Taking the well-pleaded factual allegations of the Second Amended Complaint as true, the following is a summary of the relevant facts.[1]

The Plaintiff Global Locating Systems, LLC ("GLS" or the "Plaintiff") is a Pennsylvania limited liability company located in York, Pennsylvania. [Doc. 39 at ¶ 1]. The Defendant ShadowTrack 247, LLC ("ST247" or the

---

[1] In reciting the relevant factual allegations, the Court has disregarded all "bare legal conclusions" asserted in the Complaint, see Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011), as well as "[t]he mere recital of elements of a cause of action," Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012).

"Defendant") is a North Carolina limited liability company located in Fletcher, North Carolina. [Id. at ¶ 2].

On December 25, 2018, the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 10,165,052 ("the '052 Patent"). [Id. at ¶ 6]. The '052 Patent was subsequently assigned to the Plaintiff and the Plaintiff is the present owner of the '052 Patent. [Id.]. The '052 Patent is directed to a tracking device and claims to solve "problems with prior art tracking devices such as being set off only by movement, not indicating when cargo being tracked diverges from its intended route or path, using too much power and thus being impractical for extended use[.]" [Id. at ¶ 7]. The claims for the '052 Patent

> are directed to a novel physical device (Claims 11–16) that is incorporated into its systems (Claims 1–10) and methods (Claims 17-22); namely, claims directed to specific implementations of a patentable device that has a "housing" providing a "light pathway" to a "sensor" (allowed by the United States Patent Office ("PTO") Examiner as not taught, suggested or disclosed in the prior art and not obvious from the prior art), further including a device that "operates in one or more modes" wherein "environmental conditions sensed" include data provided to a "server" that operates to, for example, switch between the modes and change the state or operational mode of the device, sleep and wake-up the device including when various light conditions are sensed, provide data, alerts signals and/or reports to the user, including when the cargo is diverted from its intended path or makes an unscheduled stop,

2

> provide the location of the device, operate to determine or identify the property, operate to indicate whether an event or condition has occurred and control operation of components of the property identification system accordingly to initiate an action corresponding to the determined event or condition. The initiated action may comprise, for example, activating an appropriate indicator, or changing the state or mode of operation of the property identification device and/or another component of the identification system from one state to another state. The foregoing specific implementations of inventive concepts operate to: determine, on the basis of the data, whether a prescribed event or circumstance has occurred and take appropriate action; control various components of the system that include tracking and communication components; and trigger actions without respect to movement of the device.

[Id. at ¶ 8].

On July 19, 2019, the Plaintiff filed a Complaint (the "Original Complaint") against the Defendant asserting that the '052 Patent is being infringed by the Defendant's ST-Solo Tracking Device (the "ST-Solo"). [Doc. 1]. On the same date, the Plaintiff filed an amended Complaint (the "First Amended Complaint") correcting typographical errors in the Original Complaint. [Doc. 5]. On September 4, 2019, the Defendant filed an Answer to the Amended Complaint. [Doc. 9].

On February 6, 2020, the Defendant filed a Motion for Judgment on the Pleadings under Rule 12(c). [Doc. 20]. On February 20, 2020, the

3

Plaintiff filed a Motion for Leave to File Second Amended Complaint ("Motion to Amend"). [Doc. 23]. In that Motion, the Plaintiff sought to add three new infringement claims by the ST-Solo and new allegations against the MPT 500 4G GPS Asset Tracker (the "MPT500"), which it claims is being marketed by the Defendant's wholly controlled subsidiary. [Doc. 23 at 1]. On May 5, 2010, the Court granted the Plaintiff's Motion and denied without prejudice the Defendant's Motion for Judgment on the Pleadings as moot. [Doc. 38].

On May 11, 2020, the Plaintiff filed a Second Amended Complaint (the "Second Amended Complaint"). [Doc. 39]. On May 26, 2020, the Defendant filed a Renewed Motion to Dismiss for Failure to State a Claim and an Answer to the Second Amended Complaint, which asserts a counterclaim against the Plaintiff for declaratory relief stating that the Defendant has not infringed on the '052 Patent. [Docs. 40, 42]. On June 9, 2020, the Plaintiff responded to the Defendant's Renewed Motion to Dismiss. [Doc. 46]. On June 16, 2020, the Defendant replied. [Doc. 49].

On June 2, 2020, the parties filed a Joint Claim Construction and Prehearing Statement stating that the parties dispute the construction of the claims of the '052 Patent. [Doc. 45].

## II. STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id.

In reviewing the complaint, the Court must accept the truthfulness of all factual allegations but is not required to assume the truth of "bare legal conclusions." Aziz, 658 F.3d at 391. "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." Walters, 684 F.3d at 439; see also Twombly, 550 U.S. at 555 (A complaint containing mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do.").

Determining whether a complaint states a plausible claim for relief is "a context-specific task," Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009), which requires the Court to assess whether the factual allegations of the complaint are sufficient "to raise the right to relief above the speculative level," Twombly, 550 U.S. at 555. As the Fourth Circuit has explained:

5

> To satisfy this standard, a plaintiff need not forecast evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements. Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is probable, the complaint must advance the plaintiff's claim across the line from conceivable to plausible.

Walters, 684 F.3d at 439 (citations and internal quotation marks omitted).

## III. DISCUSSION

The Defendant moves to dismiss the Plaintiff's Second Amended Complaint, asserting that the claims of the '052 patent are invalid under 35 U.S.C. § 101 and that resolving the issue of patent eligibility at this stage does not require formal claim construction. [Doc. 41 at 7]. The Plaintiff responds that this case involves factual and claim construction issues that preclude dismissal on Rule 12 motion on § 101 grounds. [Doc. 46 at 18].

Section 101 of the Patent Act provides that "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. The Supreme Court, however, has "'long held that this provision contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable.'" Alice Corp. Pty. v. CLS Bank Int'l, 573 U.S. 208, 216 (2014) (quoting Association for

6

Molecular Pathology v. Myriad Genetics, Inc., 569 U.S. 576, 589 (2013)). There is a two-step "framework for distinguishing patents that claim . . . abstract ideas from those that claim patent-eligible applications of those concepts." Id. at 217 (citing Mayo Collaborative Servs. v. Prometheus Labs., Inc., 566 U.S. 66 (2012)). The court must first "determine whether the claims at issue are directed to one of those patent-ineligible [abstract ideas]." Id. If so, the court must then determine "whether the additional elements 'transform the nature of the claim' into a patent-eligible application." Id.

While the Federal Circuit has held that "claim construction is not an inviolable prerequisite to a validity determination under § 101 . . . it will ordinarily be desirable—and often necessary—to resolve claim construction disputes prior to a § 101 analysis, for the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter." Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.), 687 F.3d 1266, 1273-74 (Fed. Cir. 2012). As such, a court may require claim construction before ruling a motion to dismiss based on patent eligibility under § 101. StoneEagle Servs., Inc. v. Pay-Plus Sols., Inc., No. 8:13-CV-2240-T-33MAP, 2015 WL 518852, at *5 (M.D. Fla. Feb. 9, 2015) (denying motion to dismiss on § 101 grounds as "premature" where the record was not fully developed and the parties disputed the basic character of the

claimed subject matter); Nomadix, Inc. v. Hospitality Core Servs. LLC, No. 14–08256, 2015 WL 1525537, at *2 (C.D. Cal. Apr. 3, 2015) (denying § 101 argument on motion to dismiss because "[a]though the [c]ourt has the patents in question before it right now . . . the exact functioning of the patented systems has not yet been fully briefed."); WAG Acquistion, LLC v. Multi-Media, LLC, No. CIV.A. 14-1661 ES JA, 2015 WL 5310203, at *6 (D.N.J. Sept. 10, 2015) (denying § 101 argument on motion to dismiss because "resolving the parties' disputes about the basic character and meaning of the claims requires claim construction"); Invue Sec. Prod. Inc. v. Mobile Tech, Inc., No. 3:15-CV-00610-MOC-DSC, 2016 WL 1465263, at *3 (W.D.N.C. Apr. 14, 2016) (Cogburn, J.) (denying § 101 argument on motion to dismiss because "the parties dispute the nature and scope of the claims, the construction of the claims, and the basic character of the patents"); Celgene Corp. v. Lotus Pharm. Co., No. CV 17-6842-SDW-LDW, 2018 WL 6584888, at *2 (D.N.J. Dec. 14, 2018) ("Courts routinely deny § 101 motions as premature where claim construction disputes exists.").

Here, the parties vigorously dispute the character and meaning of the claims, including the nature and scope of the claims, the construction of the claims, and whether the claims are taught, disclosed, or suggested by the prior art. [Doc. 45-1]. Specifically, the Plaintiff highlights that the parties

8

disagree as to the proper construction of the preamble, including whether it is limiting or not. [Doc. 46 at 9]. The parties' claim construction disputes must be more fully developed and decided before the Court can conclusively determine the Defendant's invalidity contentions. After claim construction has been completed, the Court will have a more complete picture of whether the claims are directed to an abstract idea under Alice. As such, the Court concludes that the Defendant's Motion to Dismiss is premature and that claim construction is necessary in order to decide the Defendant's Motion. Invue Sec. Prod. Inc., 2016 WL 1465263, at *4. Accordingly, the Defendant's Motion to Dismiss will be denied without prejudice, subject to renewal upon completion of claim construction, or earlier if the Defendant accepts the Plaintiff's proposed constructions of terms for the limited purpose of determining patentability under § 101.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant's Renewed Motion to Dismiss for Failure to State a Claim [Doc. 40] is **DENIED WITHOUT PREJUDICE** as premature, subject to renewal as stated herein. **IT IS SO ORDERED.**

Signed: June 29, 2020

Martin Reidinger
Chief United States District Judge